PEDRO VIEIRA y su esposa BLASINA DÁVILA, demandantes y apelantes, *v.* GUILLERMO ALVAREZ BLONDET, demandado y apelado.

No. 4554.—*Sometido:* Febrero 1, 1929. *Resuelto:* Abril 30, 1929.

*J. Martínez Dávila,* abogado de los apelantes; *A. Rivas,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Se trata de la apelación de una orden dictada después de una sentencia, en que la sentencia original, la opinión de la corte y la prueba aducida durante el juicio no han sido elevadas a este tribunal. Inferimos de los autos, de

las alegaciones, la moción, la orden apelada y los alegatos, que Guillermo Alvarez Blondet otorgó, por lo menos nominalmente, una hipoteca a favor de Pedro Vieira. Sucedió que la propiedad descrita en la escritura de constitución de hipoteca no era la que las partes habían convenido. Alegando este extremo, y además, que Alvarez Blondet, aunque dispuesto a arreglar el asunto, había confesado la verdad, Pedro Vieira instituyó un procedimiento para que se resolviera el contrato de hipoteca. Según hemos dicho, no tenemos a la vista la sentencia, pero por el presente inferimos que la corte accedió a la súplica de la demanda y declaró que el contrato de hipoteca había sido resuelto.

Posteriormente, el demandado compareció ante la corte y solicitó y obtuvo una orden cancelando la inscripción de la hipoteca en el registro de la propiedad. El demandante original apeló.

No vemos razón alguna para diferir de la conclusión a que llegó la corte inferior, o sea, que cuando un contrato de hipoteca queda resuelto, su inscripción debe ser cancelada. La teoría de la parte apelante era que el demandado no tenía derecho a la cancelación hasta tanto no hubiese devuelto al demandante el importe que había tomado a préstamo, y arguye que en realidad un contrato no puede considerarse como resuelto hasta tanto se haya devuelto la cosa que fué entregada. Sin embargo, en el presente caso el apelante mismo fué el que solicitó la resolución del contrato, y las disposiciones del artículo 1262 del Código Civil son aplicables a la persona que solicita la rescisión. Parecería que la resolución del contrato y la orden de pago aparecen en forma disyuntiva en la sentencia.

Cualesquiera dudas que tengamos deben ser resueltas a favor del apelado, por no estar ante nosotros los autos en debida forma. Generalmente, para revisar una resolución dictada después de una sentencia, ésta y otros procedimientos deben formar parte de la transcripción de autos, y este caso no es una excepción a la regla. No basta que se nos

envíen las alegaciones, la moción y la resolución dictada después de la sentencia.

*Debe confirmarse la sentencia apelada.*